IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDRE BICKENS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-004-Y |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is Petitioner Andre Bickens's "Motion for Clarification of Sentence Imposed (28 U.S.C. § 2241)," filed in this Court and construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as a successive petition.

I.  Factual and Procedural Background

Petitioner is serving a total 270-month term of imprisonment on his 1999 convictions in this Court for possession with intent to distribute crack cocaine and unlawful use or carrying a firearm during and in relation to the commission of a drug trafficking crime. (Resp't's App. 20, ECF No. 7.)  By way of the instant petition, he claims the Bureau of Prisons's "computation of his sentence is incorrect by over six years, the amount of time he served in state custody after being sentenced by this Court on

April 19, 1999." (Pet. 2, ECF No. 1.) According to Petitioner, he may be entitled to credit towards his federal sentence for time spent in state custody in light of recently revised U.S.S.G. 5G1.3 and because this Court, although silent on the issue, actually intended that his federal sentence run concurrently with his state sentence but inadvertently overlooked the matter at sentencing. (Pet. 5, ECF No. 1; Pet'r's Mot to Supp. 1-2, ECF No. 10.)

To establish the factual background of the case, the government has provided the declaration of Dawn L. Giddings, a Correctional Programs Specialist at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

>    . . .
>
> 2. In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained on BOP's SENTRY computer system and BOP Program Statements.
>
> 3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.
>
> 4. On January 31, 2014, I reviewed the sentence computation for Petitioner Andre Bickens, Federal Register Number 32225-077. The review revealed that Petitioner's sentence computation has been computed in accordance with federal law.
>
> 5. It is my understanding that Petitioner alleges he is entitled to approximately six years of prior custody credit for time served in Texas state custody for a parole revocation after the imposition of his federal term on April 19, 1999.

6. On August 26, 1998, Petitioner's parole was revoked by Texas and he was sentenced to serve the remainder of an 18 year state term originally imposed on February 26, 1993.

7. On September 17, 1998, Petitioner was loaned on a federal writ of habeas corpus ad prosequendum to the United States District Court for the Northern District of Texas.

8. On March 26, 1999, Petitioner was sentenced by the United States District Court for the Northern District of Texas in Case Number 4:97-CR-138-A-1 to a 100 month term of imprisonment for violating 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), Felon in Possession of a Firearm.  The Judgment and Commitment Order was silent with respect to his Texas state term.

9. On April 19, 1999, Petitioner was sentenced by the United States District Court for the Northern District of Texas in separate Case Number 98-CR-068-Y(1) to a 210 month term of imprisonment for violating 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute Crack Cocaine, and a 60 month term of imprisonment for violating 18 U.S.C. § 924(c), Unlawful Use or Carrying a Firearm During and in Relation to the Commission of a Drug Trafficking Crime.  The District Court ordered the 60 month term of imprisonment run consecutively to the 210 month term of imprisonment for a total term of 270 months. Additionally, the Court ordered the 270 month term run currently with the 100 month term of imprisonment imposed in Case Number 4:97-CR-138-A(1).  The Judgment and Commitment Order was silent with respect to his Texas state term.

10. On April 28, 1999, Petitioner was returned to Texas state custody and received credit for the 223 day spent on federal writ toward his state term.

11. On August 19, 2005, Petitioner paroled from his Texas state term released to the federal detainer to commence service of his federal term.

12. On November 26, 2007, Petitioner solicited the position of the United States District Court

        concerning whether his federal term was to run concurrent with his state term.

13. On December 18, 2007, United States Probation for the Norther District of Texas responded affirming that the Court did not intend that his federal term run concurrent with the state term.

14. Petitioner's sentence computation has been prepared based on a 270 month term of imprisonment, commencing on August 19, 2005, the date he paroled from Texas state custody and was received into exclusive federal custody. Petitioner received no prior custody credit toward his federal term as all official detention time had been awarded toward his state term. His projected good conduct time release date is May 1, 2025.

15. The BOP can designate a state institution for concurrent service of a federal sentence when it is consistent with federal court[']s intent or with the goals of the criminal justice system. Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence. When there is a previously imposed sentence in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively. Pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), Petitioner's request for a nunc pro tunc designation was considered and denied, as it was the Court's intention that the federal term be served consecutively to the preexisting Texas state term.

16. Petitioner litigated this issue in the United States District Court for the Western District of Missouri Southern Division in Case Number 6:11-cv-3406-RED, *Bickens v. Castillo.*

        . . .

(Resp't's App. 1-4, ECF No. 7.)

4

II.  Discussion

Respondent argues that the petition should be dismissed as a successive § 2241 petition under 28 U.S.C. § 2244(a), which provides that no "circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  (Resp't's Resp. 3-5, ECF No. 6.)  Section 2244(a) applies to § 2241 habeas petitions raising the same or substantially similar claim(s).  *United States v. Tubwell,* 37 F.3d 175, 178 (5th Cir. 1994).  Accordingly, § 2244(a) prohibits the filing of a second or successive § 2241 petition if the issue raised was or could have been decided in a prior federal habeas action.  *Arnold v. United States,* No. 14-CV-719, 2014 WL 3858456, at *2 (W.D.La. 2014).

Petitioner's claim that he is entitled to credit toward his federal term for time spent in state custody has been litigated in the Western District of Missouri.  (Resp't's App. 36-41.)  Therefore, this petition is successive under § 2244(a).  Further, Petitioner's suggestion that this Court inadvertently failed to run his state and federal sentences concurrently is mere speculation. This Court made it clear that Petitioner's state and federal

5

sentences were not to run concurrently or that it lacked authority to enter such an order in denying his motions for a nunc-pro-tunc order and for credit for time served, raising the same issue, in the underlying criminal action. (Mots., Order & Resp, United States v. Bickens, No. 4:98-CR-068-Y, ECF Nos. 56-57, 59-60.)

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus as a successive § 2241 petition under § 2244(a). Further, for the reasons discussed, the Court DENIES a certificate of appealability.

SIGNED March 3, 2015.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE